1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12

13

14

15

16

17

18

MARVIN LLOYD FLOWERS-
ROSCOE,

                   Petitioner,

      v.

RICHARD MORGAN,

                   Respondent.

Case No.  C05-5643FDB

ORDER TO SHOW CAUSE WHY
PETITION SHOULD NOT BE
DISMISSED

19

20

21

22

23

24

25

26

27

28

      The petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. §
2254.  This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C.
§§ 636 (b) (1) (A) and 636 (b) (1) (B) and Local Magistrates' Rules MJR 3 and MJR 4.

      Petitioner seeks to challenge a 2003 conviction and sentence. (Dkt. # 1).  Petitioner filed a
direct appeal with the state court of appeals and his conviction and sentence were upheld.  (Dkt. # 1,
Exhibits).  He did not file a timely motion for discretionary review with the state supreme court and
the state court of appeals issued it's mandate.  Petitioner has filed to have the mandate recalled and
filed for discretionary review regarding failure to recall the mandate but he has never placed any of
the issues he attempts to raise in his petition before the state supreme court.

      The state court of appeals upheld the conviction and sentence in an unpublished opinion

ORDER
Page - 1

Dockets.Justia.com

1    issued March 1st, 2005 and petitioner has one year, until March 1st 2006, to file a collateral challenge

2    to his conviction.  (Dkt. # 1, Exhibits).  In this state that would be a personal restraint petition.

3            There is an exhaustion requirement in federal court for habeas actions.  In order to satisfy the

4    exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest

5    court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th

6    Cir. 1985).  No claim in this petition appears to have been presented to the state's highest court.  A

7    federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged

8    violations of prisoners' federal rights.  Duncan v. Henry,  --- U.S. ---, 115 S.Ct. 887, 888 (1995).  It

9    is not enough that all the facts necessary to support the federal claim were before the state courts or

10   that a somewhat similar state law claim was made.  Id, *citing* Picard v. Connor, 404 U.S. 270 (1971)

11   and Anderson v. Harless, 459 U.S. 4 (1982).  Thus, the claims appear unexhausted.  The only issue

12   petitioner placed before the state supreme court was recall of a mandate.  (Dkt. # 1).

13           2.  Accordingly, petitioner shall show cause why this petition should not be dismissed.  A

14   response is due by **November 18th, 2005.**  If petitioner fails to file a response or the response shows

15   the petition cannot go forward the court will enter a report and recommendation that the petition be

16   dismissed.

17           3.  The Court Clerk is directed to send a copy of this Order to petitioner.

18

19

20           DATED this 13th day of October, 2005.

21

22

23

24                                                              Karen L. Strombom
                                                                United States Magistrate Judge
25

26

27

28

ORDER
Page - 2