UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARVIN LLOYD FLOWERS-ROSCOE,

Petitioner,

v.

RICHARD MORGAN,

Respondent.

Case No. C05-5643FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**December 16th, 2005**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

FACTS AND DISCUSSION

Petitioner challenges his 2003 Pierce County conviction for unlawful manufacture of methamphetamine. (Dkt. # 1, page 1) He received a 72 month sentence. Petitioner filed a direct appeal raising several issues. That appeal was denied and petitioner did not file a timely motion for discretionary review. (Dkt. # 1, Exhibits). The state court of appeals issued its mandate and petitioner moved to recall the mandate. When that motion was denied petitioner sought review of

REPORT AND RECOMMENDATION -1

the decision not to recall the mandate with the state supreme court. (Dkt. # 1, Exhibits).

The motion to review denial of recall of the mandate was denied by the state supreme court and this petition followed. Review of the file led the court to believe that no issue in the petition had ever been raised at the state supreme court level and an order to show cause was entered. (Dkt. # 3). Petitioner has responded to that order. (Dkt. # 5).

The response to the petition outlines that procedural history and conclusively shows that the state supreme court was never presented a fair opportunity to review any issue on the merits. The only issue placed before that court was review of the decision not to recall a mandate. (Dkt. # 5).

The time for filing a collateral challenge, personal restraint petition, does not appear to have past. The state court of appeals upheld the conviction and sentence in an unpublished opinion issued March 1st, 2005 and petitioner has one year, until March 1st 2006, to file a collateral challenge to his conviction. (Dkt. # 1, Exhibits). No issue in this petition has been exhausted.

There is an exhaustion requirement in federal court for habeas actions. In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). No claim in this petition was presented to the state's highest court. A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, --- U.S. ---, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

A federal court faced with an unexhausted petition dismisses the petition, without prejudice, so that the petitioner has an opportunity to exhaust the claims in state court. Rose v, Lundy, 455 U.S. 509, 522 (1982). Petitioner should be given that opportunity.

## CONCLUSION

Having reviewed the file the court concludes that the petition is unexhausted and should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this report and

REPORT AND RECOMMENDATION -2

recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 16th, 2005**, as noted in the caption.

Dated this 23rd day of November, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION -3